802 So.2d 142 (2001)
Mildred STANTON, Appellant
v.
DELTA REGIONAL MEDICAL CENTER and John Doe and Jane Doe 1 through 7, Appellees.
No. 2000-CA-02066-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*143 Nathan P. Adams Jr., Greenville, Attorney for Appellant.
L. Carl Hagwood, Greenville, P. Scott Phillips, Meridian, Attorneys for Appellees.
BEFORE McMILLIN, C.J., THOMAS, and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Mildred Stanton was admitted into the emergency room of Delta Regional Medical Center with complaints of confusion and coughing. At the time of admittance, Stanton was found to be alert and oriented. Stanton was placed in a bed in its lowest position with the bed rails raised. Approximately thirty minutes later, Stanton was found disoriented on the floor having fallen after climbing over the raised bed rails. Stanton sued Delta Regional for the injuries she suffered as a result of her fall alleging that her injuries were caused by a breach of the standard of care owed to her by Delta Regional. A bench trial was had as Delta Regional comes under the auspices of the Mississippi *144 Tort Claims Act. At trial Stanton tendered Meredith McBee as an expert to testify to the applicable standard of care. The trial judge refused to accept McBee as an expert. The trial concluded with the trial judge dismissing Stanton's complaint upon finding no breach of the standard of care by Delta Regional. Aggrieved by this decision, Stanton appeals raising the following issues:
1. WHETHER THE TRIAL COURT ERRED BY EXCLUDING THE TESTIMONY OF MEREDITH MCBEE AS AN EXPERT WITNESS; AND
2. WHETHER THE TRIAL COURT ERRED BY FINDING THAT DELTA REGIONAL MEDICAL CENTER DID NOT BREACH ITS STANDARD OF CARE.

STATEMENT OF FACTS
¶ 2. At approximately 4:55 a.m. on April 26, 1998, Mildred Stanton was transported by ambulance to Delta Regional Medical Center Emergency Room from the Bessie J. Taylor Retirement Home. Upon arrival the triage nurse evaluated Stanton's condition to determine what type of care she needed. Stanton's history included reports of both confusion and coughing. At the time of admittance, Stanton was reported to be alert and oriented. Stanton was placed in an examination room in a bed set to the lowest level with the side rails raised by the nurse. At 5:22 a.m. Stanton was found on the floor at the foot of her bed with skin tears on her arm. Stanton had become disoriented and climbed over the bed rails and out of bed causing her to fall and injure herself. Stanton was reoriented, treated, and placed back into the bed. Stanton sued Delta Regional Medical Center contending that her fall was a result of the employees of Delta Regional Medical Center breaching its standard of care by failing to effectively restrain her in the bed, in essence to prevent her from injuring herself. Delta Regional Medical Center has a policy to use the least restrictive type of restraint first and increase the level of restraint as necessary.
¶ 3. A bench trial was held as Delta Regional Medical Center is a community hospital and, as such, falls under the limitations prescribed in the Mississippi Tort Claims Act. At trial Stanton tendered Meredith McBee, RN, MS, LNC, as an expert in the general field of nursing to testify to the applicable standard of care for the hospital and its employees. After hearing McBee's qualifications, the trial judge refused to accept her as an expert. At the conclusion of the trial, the trial judge found that Delta Regional Medical Center had not breached its standard of care and dismissed Stanton's complaint. Aggrieved by this decision, Stanton perfected this appeal.

STANDARD OF REVIEW AND LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED BY EXCLUDING THE TESTIMONY OF MEREDITH MCBEE AS AN EXPERT WITNESS.
¶ 4. Stanton first asserts that the trial court erred when it failed to qualify Meredith McBee as an expert witness. The admission of expert testimony is controlled by the trial judge's discretion. Sheffield v. Goodwin, 740 So.2d 854, 856 (¶ 6) (Miss.1999). This Court will not disturb the trial judge's decision unless there was a clear abuse of that discretion. Id.
¶ 5. Before a person can testify as an expert, he or she must first be qualified as an expert. Watkins v. U-Haul Int'l, Inc., 770 So.2d 970, 973 (¶ 10) (Miss.Ct.App.2000). In order to qualify as an expert, a person "must possess some *145 experience or expertise beyond that of the average, randomly selected adult." Crawford v. State, 754 So.2d 1211, 1215 (¶ 7) (Miss.2000). During direct examination, McBee stated that she was a nurse licensed in Mississippi, had last worked in an emergency room in 1976, and was currently self-employed as a consultant. On voir dire by Delta Regional, McBee stated that the first time she heard the current standards for restraints was on the day she testified. The trial judge refused to accept McBee as an expert witness finding that she did not possess the necessary knowledge, skill, training and background to testify to the standard of care owed to Stanton by Delta Regional. Based upon a careful examination of the record, it is clear that McBee had not worked in the area of emergency care in several years, had no affiliation with anyone in the field of emergency care and was unfamiliar with the standards followed by the employees of Delta Regional. It is clear that the trial judge did not abuse her discretion by failing to qualify McBee as an expert witness. This issue is without merit.

2. WHETHER THE TRIAL COURT ERRED BY FINDING THAT DELTA REGIONAL MEDICAL CENTER DID NOT BREACH ITS STANDARD OF CARE.
¶ 6. Stanton's second and final contention is that the trial court erred by finding that Delta Regional did not breach its standard of care and in so doing dismissing her complaint. This issue speaks to the weight of the evidence and the factual determinations made by the trial judge as the sole trier of fact in a bench trial. The standard of review for such factual determinations is "the substantial evidence standard." Covington County v. G.W., 767 So.2d 187, 189 (¶ 4) (Miss.2000). The findings of the trial judge will not be disturbed unless the judge "abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Id. After a thorough examination of the record, it is clear that the trial judge applied the correct legal standard, did not abuse her discretion by failing to qualifying McBee to testify as an expert, and finding that Delta Regional did not breach the standard of care owed to Stanton. Finding no manifest error in the proceedings below, this issue is without merit.

CONCLUSION
¶ 7. The trial court's refusal to allow McBee to testify as an expert as well as the dismissal of Stanton's complaint were proper. Delta Regional clearly followed the applicable standard of care in treating Stanton.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.