840 So.2d 833 (2003)
CITY OF NEWTON, Appellant
v.
Bernice LOFTON, Appellee.
No. 2001-CA-01919-COA.
Court of Appeals of Mississippi.
March 25, 2003.
*834 Jay R. McLemore, Ridgeland, Diane V. Pradat, Jackson, for appellant.
P. Shawn Harris, for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
THOMAS, J., FOR THE COURT:
¶ 1. The City of Newton was found 95% negligent by failing to warn and protect Bernice Lofton, who was an invitee, against dangers present at the construction site near Newton Middle School in Newton, Mississippi. Aggrieved, the City of Newton asserts the following on appeal:
I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN MISAPPLING THE RELEVANT PORTIONS OF THE MISSISSIPPI TORT CLAIMS ACT.
II. THE TRIAL COURT ERRED IN FAILING TO PROPERLY ASSESS CONTRIBUTORY NEGLIGENCE.
III. THE TRIAL COURT ERRED IN AWARDING AN UNREASONABLE AMOUNT OF DAMAGES.
Finding no error, we affirm.

FACTS
¶ 2. On March 26, 1999, a junior-senior prom was held in the gymnasium of Newton *835 Middle School in Newton, Mississippi, a municipal corporation. On said evening Bernice Lofton accompanied by her daughter, Teresa Hart, and her son-in-law, Allen Hart, traversed to the school gymnasium with the intentions of seeing Bernice Lofton's granddaughter as she participated in the "lead out". This is a processional at the prom wherein all of the participants parade in their gowns. Lofton and her party parked their vehicle in a parking lot to the rear of the gymnasium and began to walk a path across a grassy area near the gymnasium. In order to get to the gymnasium Lofton had to negotiate her way through a construction site, where the City was attempting to improve visibility for drivers. Lofton in attempting to step up the curb, which was recently constructed, apparently tripped and fell, breaking her ankle. Lofton sustained a compound fracture to her leg and incurred medical expenses totaling $18,135.
¶ 3. Witnesses present at the time of the injury and others present shortly after the injury occurred testified that there was an absence of warning signs and that the construction on the curb was not completed and, if completed, it was not satisfactory. Witnesses not present at the time of the accident, but active participants in the construction of the curb as well as the safety of the work site were presented. Numerous State witnesses, who personally worked at the site during construction, testified to the completion of the project, one stating he personally "packed the dirt" at the edge of the curb so as to provide a level amalgamation of the ground with the curb. These witnesses testified as to the completion of the construction and the complete absence of hazards from the construction as well as to the safety warnings that were present when they left the construction site earlier that same day.
¶ 4. Lofton was treated for her injury and endured three hospital stays and years of rehabilitation to retain use of her leg. She had surgery and pins and screws were required to hold the ankle in place. Due to the extreme pain caused from the injury, Lofton is unable to take part in normal day to day activities. She was awarded $ 155,054.25, which was nine times her medical expenses minus five percent, her percentage of contributory negligence.

ANALYSIS

I. DID THE TRIAL COURT ERR AS A MATTER OF LAW BY MISAPPLYING THE RELEVANT PORTIONS OF THE MISSISSIPPI TORT CLAIMS ACT?
¶ 5. The City of Newton contends that the trial court misapplied the law to the facts of this case erroneously determining that the City of Newton was not immune from liability under Miss.Code Ann. § 11-46-9(1)(v) and (1)(w).
¶ 6. This case was brought under this state's Tort Claims Act, which permits negligence actions against state agencies under certain conditions that include the requirement that, if the matter comes to trial, it will be conducted as a bench trial. Simpson v. City of Pickens, 761 So.2d 855, 860(¶ 15) (Miss.2000). In that situation, the trial court sits as finder of fact and, when the court's factual determinations are challenged on appeal, the reviewing court must consider the entire record and is obligated to affirm where there is substantial evidence in the record to support the trial court's findings. Ezell v. Williams, 724 So.2d 396, 397(¶ 4) (Miss. 1998); Mississippi State Hosp. v. Wood, 823 So.2d 598, 601(¶ 7) (Miss.Ct.App.2002). The findings of the trial judge will not be disturbed unless the judge "abused his discretion, was manifestly wrong, clearly *836 erroneous or an erroneous legal standard was applied." Stanton v. Delta Regional Medical Center, 802 So.2d 142, 145(¶ 6) (Miss.Ct.App.2001).
¶ 7. The standard of review for a judgment entered following a bench trial is well settled. "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. City of Jackson v. Perry, 764 So.2d 373, 376(¶ 9) (Miss.2000) (citing Puckett v. Stuckey, 633 So.2d 978, 982 (Miss.1993); Sweet Home Water & Sewer Ass'n v. Lexington Estates, Ltd., 613 So.2d 864, 872 (Miss.1993); Allied Steel Corp. v. Cooper, 607 So.2d 113, 119 (Miss.1992)). This Court reviews errors of law, which include the proper application of the Mississippi Tort Claims Act, de novo. Perry, 764 So.2d at 376 (citing Cooper v. Crabb, 587 So.2d 236, 239 (Miss. 1991)); Maldonado v. Kelly, 768 So.2d 906, 908(¶ 4) (Miss.2000).
¶ 8. The trial court determined that the pertinent sections of the Mississippi Code were § 11-46-9(1)(v) and (w). These sections are used to determine liability exemptions of governmental entities and its employees acting within the scope of their duties. The Code states as follows:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
(v) Arising out of an injury caused by a dangerous condition on the property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care;
(w) Arising out of the absence, condition, malfunction or removal by third parties of any sign, signal, warning device, illumination device, guardrail or median barrier, unless the absence, condition, malfunction or removal is not corrected by the governmental entity responsible for its maintenance within a reasonable time after actual or constructive notice.
Mississippi Code Ann. § 11-46-9(1)(v) and (w) (Rev.2002). The trial court used the statute to determine, based on the facts of the case, if the statute provided immunity for the City of Newton. After weighing all the evidence, the trial court determined that Lofton's injury was caused by the negligence of the City of Newton, by failing to warn and protect Lofton, who was an invitee, against the dangers present on said construction site. The trial court, sitting as the jury, determined that the condition was not open and obvious which is required for immunity to apply. The City of Newton failed to have present warning devices surrounding said construction site, which, if present, could have alerted Lofton to the danger.
¶ 9. The trial court considered between the application of a pure comparative negligence standard as used in Tharp v. Bunge Corp., 641 So.2d 20 (Miss.1994) or the open and obvious standard codified under subdivision (v) of § 11-46-9(1) of the Mississippi Code. The trial court found that the condition was not obvious and was not readily apparent to Bernice Lofton, therefore the City of Newton does not receive immunity protection under the statute. The trial court further opined that comparative negligence determinations were proper after immunity was denied *837 to City of Newton based on the open and obvious standard.
¶ 10. Our Mississippi Supreme Court sets forth the premise that there may be more than one proximate cause to a negligent act. See King v. Dudley, 286 So.2d 814, 817 (Miss.1973); Braswell v. Economy Supply Co., 281 So.2d 669, 676 (Miss.1973). The defendant may be negligent, but so too may be the plaintiff. Then, our comparative law applies. Our supreme court has held that the so called "open and obvious" defense is no longer an absolute bar to recovery, and to now apply our true comparative negligence doctrine. Tharp v. Bunge Corp., 641 So.2d 20, 25 (Miss.1994); King v. Kroger Co., 787 So.2d 677, 681(¶ 9) (Miss.Ct.App.2001). The applicability of the Tharp holding to a city's immunity under § 11-46-9(1)(v) need not be considered here, since the trial court made a reasonable fact finding that this condition was not an obvious one.
¶ 11. The trial court applied the correct legal standard and absent a showing that the findings of the trial court were manifestly wrong, clearly erroneous or that the trial court abused its discretion, we will not disturb the trial court's findings. This issue is without merit.

II. DID THE TRIAL COURT ERR IN FAILING TO PROPERLY ASSESS CONTRIBUTORY NEGLIGENCE?
¶ 12. The City of Newton argues that even if it was not entitled to immunity, the trial court erred in its allocation of only 5% comparative negligence to Lofton.
¶ 13. We review the factual determinations made by a trial judge sitting without a jury using the substantial evidence standard. Church of God Pentecostal, Inc. v. Freewill Pentecostal Church of God, Inc., 716 So.2d 200, 204(¶ 15) (Miss.1998).
¶ 14. This contest of the correct percentage of negligence is attributable purely to the factual underpinnings of this case. Here, the trial judge heard testimony from both sides. The trial judge found that both parties were negligent. When a trial judge sits without a jury, this Court will not disturb his factual determination where there is substantial evidence in the record to support those findings. Corry v. State, 710 So.2d 853, 856(¶ 11) (Miss.1998) (citing Yarbrough v. Camphor, 645 So.2d 867, 869 (Miss.1994)). We hold that there is substantial evidence to support the trial judge's findings.

III. DID THE TRIAL COURT ERR IN AWARDING AN UNREASONABLE AMOUNT OF DAMAGES?
¶ 15. The City of Newton argues the trial court erred in awarding Lofton damages nine times the amount of her medical expenses. They further contend that Lofton had the burden of proving her damages and that she failed to show evidence that would warrant an award of nine times her medical expenses.
¶ 16. Considering the evidence the trial judge had available in awarding damages, the damages award is not "so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." Harvey v. Wall, 649 So.2d 184, 187 (Miss. 1995).
¶ 17. The determination of damages must be a process which is particular to the facts of the case; there is no fixed rule. The trial court takes into account: amount of physical injury, mental and physical pain, present and future pain and disability, temporary and permanent disability, medical expenses, loss of wages and wage earning capacity, sex, age, and health of the injured. Woods v. Nichols, 416 So.2d 659, 671 (Miss.1982). The City of Newton argues that since the medical *838 expenses were $18,135, nine times this number is automatically too much, but the City of Newton fails to cite case law supporting its claim. The trial court set out in detail the reasons for the award. The trial court did not abuse its discretion.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.
GRIFFIS, J., NOT PARTICIPATING.