880 So.2d 1085 (2004)
Alonda BARNETT and Tangela Gordon, by and through her Mother and Next Friend, Miriam GORDON, Appellants,
v.
LAUDERDALE COUNTY BOARD OF SUPERVISORS and Charles E. Houston, Appellees.
No. 2003-CA-01457-COA.
Court of Appeals of Mississippi.
August 24, 2004.
*1086 Grace Watts Mitts, Meridian, Thomas L. Tullos, Bay Springs, attorneys for appellants.
J. Richard Barry, Michael Wayne Strahan, attorneys for appellees.
Before KING, C.J., LEE and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. Alonda Barnett and Tangela Gordon filed a complaint in the Circuit Court of Lauderdale County against the Lauderdale County Board of Supervisors and Charles E. Houston. Barnett and Gordon alleged that Houston, an employee of the Lauderdale County Board of Supervisors, was driving a county owned motor grader down Highway 11, when he made a sudden left turn and collided with Barnett's automobile as she was attempting to pass. Following a bench trial, Judge Robert W. *1087 Bailey found that the proximate cause of the accident was Barnett's excessive speed and failure to keep a proper lookout and entered judgment for the defendants. Aggrieved by this decision, Barnett and Gordon appeal. We have restated the issues as follows:
I. Did the trial court commit error by not finding that the Appellee, Charles E. Houston, failed to maintain a proper lookout and failed to properly signal his intention to turn left.
II. Did the trial court commit error by finding that the Appellant, Alonda Barnett, was negligent in passing the motor grader within one hundred (100) feet of an intersection.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. On January 2, 2002, at approximately 11:30 a.m., Alonda Barnett was driving north on Highway 11 in Lauderdale County, with Tangela Gordon riding in the passenger seat. As the young women were driving down the highway at approximately 65-70 miles per hour, a motor grader owned by the Lauderdale County Board of Supervisors pulled out and turned right, headed north, on Highway 11 from Brunson Road. Charles Houston, who had been employed by Lauderdale County for approximately twenty-five years, was the operator of the motor grader. The motor grader was traveling at a speed of between 10-20 miles per hour. Houston intended to turn left onto Brown Creek Road, approximately 500 to 1,000 feet north of Brunson Road. The motor grader was not equipped with a mechanical turn signal, and by statute is not required to have one. As the motor grader approached Brown Creek Road, Barnett testified she was about 20-30 feet from the rear of the vehicle. Seeing no oncoming traffic she attempted to pass the slow moving vehicle. As Barnett pulled into the left hand lane to pass Houston, he began to execute the left hand turn onto Brown Creek Road. Barnett attempted to avoid the collision, but to no avail. The front right portion of Barnett's vehicle and the left front tire of the motor grader collided.
¶ 3. At the time of the accident, Maria Murray, with her husband Carl Murray in the passenger seat, was following about two to three car lengths behind Barnett. Their testimony is conflicting as to exactly where Barnett was in relation to the motor grader when Houston began to turn left. Mrs. Murray testified that Houston had begun executing his left turn onto Brown Bottom road when Barnett attempted to pass him. Mr. Murray testified that Barnett had already begun to pass Houston when he applied his brakes and testified that "when she went to make her pass, that's when I seen the brake lights." Barnett testified, like Mr. Murray, that she was already in the left hand lane when Houston applied the brakes, and therefore she could not see the brake lights indicating that she should slow down. Houston admitted that he gave no indication of his intention to turn, by way of hand signal, and that all he did was apply the brakes.
¶ 4. Barnett and Gordon suffered injuries in the accident which required medical attention. In the complaint Barnett sought $15,000 in medical bills, $10,000 in property damage, and $4,000 in lost wages, while Gordon sought $1,000 in medical bills.
¶ 5. On May 22, 2003, Judge Robert W. Bailey conducted a bench trial pursuant to the Mississippi Tort Claims Act. Both parties waived the making of findings of fact and conclusions of law by the court. On June 2, 2003, Judge Bailey issued his judgment and found that the proximate cause of the accident was the excessive speed of *1088 Barnett and her failure to maintain a proper lookout.

ISSUES AND ANALYSIS

I.

Did the trial court commit error by not finding that the Appellee, Charles E. Houston, failed to maintain a proper lookout and failed to properly signal his intention to turn left.
¶ 6. Barnett contends that the trial court erred by not finding that Houston failed to maintain a proper lookout. As support for her position, Barnett cites to several cases wherein this Court and the supreme court have outlined the duty of a driver making a left hand turn. There is a duty to maintain a proper lookout for vehicles in the rear to ascertain their location before executing a left hand turn to ensure that the turn can be made with reasonable safety, and that a driver must make an appropriate signal by hand or other signal device before executing a turn. See generally Conner v. Harris, 624 So.2d 482, 482-83 (Miss.1993); Stockton v. Lamberth, 278 So.2d 423, 424-25 (Miss.1973); Sohio Petroleum Co. v. Fowler, 231 Miss. 72, 94 So.2d 350, 354 (1957). Barnett also contends that Mississippi Code Annotated Section 63-3-709 (Rev.1996) requires that a motorist give a signal of his intention to make a turn, by means of the hand or a signal lamp. Barnett acknowledges that Mississippi Code Annotated Section 63-7-9 (Rev.1996) exempts a motor grader from the requirement of a mechanical turn signal, but maintains that Houston was not relieved of his duty to give a hand signal when turning left.
¶ 7. The case sub judice was brought under the Mississippi Tort Claims Act, which permits negligence actions against state agencies under certain conditions, and requires that if such actions are brought to trial they will be conducted as a bench trial. Simpson v. City of Pickens, 761 So.2d 855, 860 (¶ 15) (Miss.2000). In a bench trial the trial judge sits as the trier of fact and is accorded the same deference in regard to his findings as that of a chancellor, and the reviewing court must consider the entire record and is obligated to affirm where there is substantial evidence in the record to support the trial court's findings. City Of Newton v. Lofton, 840 So.2d 833, 835-36 (¶¶ 6, 7) (Miss.Ct.App.2003). "The findings of the trial judge will not be disturbed unless the judge abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Id. Errors of law, which include the proper application of the Mississippi Tort Claims Act, are reviewed de novo. Id. at 836(¶ 7). "This Court recognizes that the trial judge, sitting in a bench trial as the trier of fact, has the sole authority for determining the credibility of the witnesses." City of Jackson v. Lipsey, 834 So.2d 687, 691 (¶ 14) (Miss.2003). "Where there is conflicting evidence, this Court must give great deference to the trial judge's findings." Id.
¶ 8. Carl and Maria Murray were both called to testify. Mrs. Murray was driving the car on the day of the accident, and Mr. Murray was riding in the passenger's seat. The couple was following about two to three car lengths behind Barnett. Mr. Murray testified Barnett pulled out into the left lane before Houston began making his left turn. Mrs. Murray testified that Barnett pulled out into the left lane after Houston began making his left turn. The testimony of Mr. and Mrs. Murray was highly relevant to the issue of which driver was at fault for failing to maintain a proper lookout.
¶ 9. Brett Alexander was also called to testify and was accepted by Barnett as a *1089 expert witness in the field of accident reconstruction. Alexander's testimony corroborated the testimony of Mrs. Murray.
¶ 10. As our standard of review dictates, in bench trials, where the trier of fact is the judge, he or she has the sole authority to judge the credibility of witnesses, and as an appellate court we are required to give great deference to those findings. Judge Bailey heard all the evidence and made the determination that Mrs. Murray and Brett Alexander were the more credible witnesses. This Court cannot substitute its judgment of credibility for that of the trial court, and where the record contains substantial evidence to support the trial court's decision, this Court lacks authority to reverse that decision.
¶ 11. We now turn to the evidence. The Murrays were about 30 yards behind Barnett at the time of the accident. Mr. and Mrs. Murray both testified that Barnett passed them about one mile before the accident, traveling at approximately 60-70 miles per hour. Both testified that Barnett passed them, and at least one other car. Both also testified that the motor grader pulled out and maintained a very slow rate of speed, not more than 20 miles per hour. Mrs. Murray testified that she did not see Barnett's brake lights, while Mr. Murray contends that Barnett hit her brakes when Houston pulled out. Mr. Murray testified that just as Barnett was pulling into the left lane to pass Houston that Houston braked. Mr. Murray testified he thought Houston was slowing down to let Barnett pass. However, Mrs. Murray testified that she did not see Houston's brake lights; all she saw was the motor grader begin to execute a left hand turn, and as it did Barnett pulled into the left lane and hit it.
¶ 12. The trial judge determines the credibility of the witnesses when there is conflicting testimony. He found the testimony of Mrs. Murray and Brett Alexander the most credible. We find there was, in their testimony, substantial evidence to support the finding of Judge Bailey, and accordingly there is no merit to this issue.

II.

Did the trial court commit error by finding that the Appellant, Alonda Barnett, was negligent in passing the motor grader within one hundred (100) feet of an intersection.
¶ 13. The resolution of Issue I renders moot Issue II.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
BRIDGES, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.