ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Following an all-terrain vehicle (ATV) accident on a bridge located on Garden City Road in Franklin County, Mississippi, Glenn “Trey” Martin sustained head and other injuries. Pursuant to the Mississippi Tort Claims Act, Martin filed a complaint in the Franklin County Circuit Court alleging that Franklin County (the County) was negligent in failing to proper-
 
 *864
 
 Iy maintain Garden City Road and the bridge, in failing to warn of the conditions, and by negligently constructing the dirt embankments that were placed before the entrance to the bridge. The County subsequently filed a motion to dismiss Martin’s complaint. The trial court found in favor of the County and dismissed Martin’s case with prejudice. Feeling aggrieved, Martin now appeals that judgment and asserts the following allegations of error:
 

 I. The trial court erred by finding that Franklin County adequately warned the plaintiff of the extremely dangerous condition of the bridge at issue.
 

 II. The trial court erred in ruling that the sole proximate cause of Martin’s injuries was Martin and the other individuals’ decisions to proceed past the dirt piles.
 

 III. The trial court erred in failing to levy sanctions on defense counsel after learning of extreme unethical conduct during trial.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On May 29, 2004 Martin was riding as a passenger on an ATV on Garden City Road in Franklin County. According to Martin, Jennifer Allen was the driver of the ATV. The ATV fell off of an embankment on Garden City Road near the Wells Creek Bridge (the bridge) when the bridge abutment collapsed. The bridge was constructed and maintained by the County.
 

 ¶ 3. In February 2004, the County issued an emergency order to close the bridge due to heavy rains which were causing severe bank erosion. According to testimony at trial, the County placed two warning signs on Garden City Road to . warn traffic that the bridge was closed. One sign was located approximately 1,500 feet away from the bridge, and a “Bridge Out” sign was located approximately thirty to forty feet before the entrance to the bridge. The warning signs were placed by Franklin County officials on the Adams County side of the bridge which was the direction from which Martin and Allen had approached the bridge. Additionally, the County erected two large dirt berms approximately four feet in height which stretched the entire -width of the roadway. As further warning, the County placed orange reflective ribbon in front of the first dirt berm. The County also routinely visited the bridge to ensure that the warning signs and reflective tape were still in place.
 

 ¶ 4. On the evening of the accident, Martin, Allen, Martin’s friend David Hetzinger, and the children of Martin and Allen arrived at a deer camp in Franklin County and unloaded their gear and ATVs. Sometime after midnight, Martin; Allen; Het-zinger; and Martin’s step-son Jon Michael Eschete, decided to go for a ride on the ATVs. Martin said he and Allen rode together on one ATV, with Allen driving. Hetzinger and Eschete each drove separate ATVs. The group rode north on Garden City Road and approached the bridge.
 

 ¶ 5. According to Hetzinger’s testimony, he crossed the bridge first with no problem. Hetzinger testified that he saw a small hump of dirt in front of the bridge, but he did not see any warning signs. Allen crossed over the dirt hump next, and as she did so, the ground connecting the road and the bridge collapsed. Martin and Allen fell approximately thirty feet and crashed into the bed of the creek. Allen died as a result of the accident, and Martin suffered head and other injuries.
 

 ¶ 6. Doreen Norris, an EMT with Franklin Ambulance Service, was one of the first responders to arrive on the scene
 
 *865
 
 of the accident. Norris testified that she arrived at the scene, on the Franklin County side of the bridge. Norris testified that once she arrived at the scene, she walked around piles of dirt and saw a “Bridge Out” sign on the Adams County side of the bridge — the same side from which Martin and the group had approached the bridge prior to the accident. As a part of her job, Norris spoke with Martin at the accident scene. She testified that Martin appeared lucid following the accident, but there was a very strong odor of alcohol coming from him. Norris also testified that Hetzinger told her that the group had been out on Garden City Road “all night jumping the berm.”
 
 [1]
 
 Norris testified that Hetzinger told her that the group knew the bridge was out and that they had to build the dirt up to jump the berms. Franklin County Sheriff James Newman testified that Hetzinger told the investigating officers at the accident scene that he saw a dirt mound or berm across the bridge entry and that Martin told him how to drive around it and then traverse a narrow dirt pathway onto the bridge.
 

 ¶ 7. Dr. Frederick Carlton was offered as a toxicology expert. He reviewed the toxicology reports on Martin and Allen following the accident. According to the toxicology report, Allen’s blood-alcohol level (BAL) was taken at 7:05 a.m. the morning following the accident. Her BAL at that time was .112. Based on his review of the reports, Dr. Carlton concluded that at the time of the accident, Allen’s BAL was .19. Martin’s BAL following the accident was .13.
 
 [2]
 
 Dr. Carlton concluded that both Allen and Martin were legally intoxicated at the time of the accident and that legal intoxication can lead a person to have a “reduced perception of danger as well as a reduced reaction time and impaired judgment.”
 

 STANDARD OF REVIEW
 

 ¶ 8. A case brought under the Mississippi Tort Claims Act is tried without a jury. Miss.Code Ann. § 11-46-13(1) (Rev.2002). A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence.
 
 Donaldson v. Covington County,
 
 846 So.2d 219, 222(¶ 11) (Miss.2003). However, questions of law are reviewed de novo.
 
 Id.
 
 “The findings of the trial judge will not be disturbed unless the judge abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.”
 
 Miss. Dep’t of Transp. v. Trosclair,
 
 851 So.2d 408, 413(¶ 10) (Miss.Ct.App.2003) (quoting
 
 City of Newton v. Lofton,
 
 840 So.2d 833, 835-36(¶ 6) (Miss.App.2003)).
 

 DISCUSSION
 

 I. Adequate Warning
 

 ¶ 9. First, Martin takes issue with the trial court finding that Franklin County adequately warned him of the extremely dangerous condition of the Wells Creek Bridge. Martin contends that although the County placed piles of dirt in front of the bridge in an attempt to stop traffic from crossing the bridge, that measure did not work. Martin argues that the County
 
 *866
 
 was aware that the bridge was in a dangerous condition and that the piles of dirt were not stopping the public from using the bridge. He further argues that there were no signs present on the date the bridge abutment caved in and he was injured. Martin concludes that the County had a duty to warn the public of the bridge’s dangerous condition and that it failed to do so.
 

 ¶ 10. Pursuant to Mississippi Code Annotated section 11-46-9(1)0) (Supp.2009), “[A] governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.” According to testimony from EMT Norris, she saw a “Bridge Out” sign on the Adams County side of the bridge, which was on the same side from which Martin and the group had approached the bridge prior to the accident. Evidence from the toxicology reports presented to the trial court showed that both Martin and Allen were legally intoxicated at the time of the accident. In addition, the offense report presented during trial provides that Martin and the group were ramping their ATVs over the dirt embankments that were erected by the County to prevent crossing of the bridge.
 

 ¶ 11. Several Franklin County officials testified that prior to the accident, several warning signs were placed by them on Garden City Road at the approach to the bridge. County supervisor Woodrow Wilson testified that he and his road foreman continually checked to make sure the warning signs and dirt embankments remained in place.
 

 ¶ 12. Martin contends that if warning signs were placed on Garden City Road, those warning signs were temporary and were commonly Imown to be stolen or removed. However, the Mississippi Supreme Court has held that “[sectionjll-46-9(l)(w) does not require a governmental entity to actively patrol areas containing warning signs to see if a third party has removed the signs. The statute exempts the governmental entity from liability for the removal of warning signs
 
 ‘unless the absence, condition, malfunction or removal is not cometed by the governmental entity responsible for its maintenance within a reasonable time after actual or constructive notice.’
 
 ”
 
 Mitchell v. City of Greenville,
 
 846 So.2d 1028, 1031(1113) (Miss.2003). Wilson testified that the area was checked for the warning signs at least twice per week. Martin’s argument would require that the County actively monitor the warning signs to ensure there were in place every minute of every day. This standard is not required under Mississippi law. Thus, we find that the County did provide adequate warning that the bridge was out.
 

 II. Proximate Cause
 

 ¶ 13. Second, Martin takes issue with the trial court’s ruling that the sole proximate cause of Martin’s injuries was Martin and the other individuals’ decisions to proceed past the dirt piles. Martin contends that the sole proximate cause of his injuries was the County’s failure to adequately warn of a dangerous condition about which the County knew. Martin argues that even if he is partially at fault, he was only contributorily negligent. Martin further contends that whether he or Allen were intoxicated is wholly irrelevant because the bridge could have collapsed if a child were walking over the abutment.
 

 ¶ 14. The trial court was presented with evidence that Martin knew or should have known that the bridge was out prior to the accident. According to testimony from Norris, Newman, and Wilson, substantial warnings were in place to alert Martin and other members of the public that the
 
 *867
 
 bridge was out, including a “Bridge Out” sign that was placed in front of the first two dirt embankments.
 

 ¶ 15. While Martin and Allen’s legal intoxication is a substantial factor in regard to their negligence, it was not the only basis upon which the trial court found for the County. The trial court pointed out that in addition to being under the influence of alcohol, Martin and Allen were both adults who “knew the bridge was out prior to that date, and knowingly proceeded past warning signs and dirt barriers.”
 

 ¶ 16. The Mississippi Supreme Court has held that liability will not be placed on a governmental entity when “the facts present a situation of an open and obvious condition which is required for immunity pursuant to Mississippi] Code Ann[otated] [seetion]ll-46-9(l)(v).”
 
 City of Clinton v. Smith,
 
 861 So.2d 323, 328(¶19) (Miss.2003). Accordingly, Martin’s argument that he should have been found only partially at fault is unsupported by the facts and without merit.
 

 III. Sanctions
 

 ¶ 17. Lastly, Martin takes issue with the trial court’s decision not to cite Franklin County Attorney Lane Reed for highly unethical conduct during the trial on this matter. During the first day of trial, Martin announced to the trial court that the next witness would be John Smith, Assistant State Traffic Engineer for the Mississippi Department of Transportation (MDOT). When Smith’s name was called, he did not respond. However, Smith was contacted and told to return to the courtroom.
 

 ¶ 18. The trial judge conducted a hearing to determine why Smith was not present when he his name was called although he had been seen at the courthouse earlier that day. Reed explained that he had contacted the Attorney General’s Office to determine whether or not a trial subpoena had been served upon Smith because Reed stated that he had found no return of service in the trial court’s file. Reed stated that it was his understanding that an assistant attorney general had informed Smith that because he was not under subpoena, he could do whatever he wished.
 

 ¶ 19. There is no evidence that the trial court abused its discretion in refusing to levy sanctions upon Reed. This is especially true as Smith testified, and the documents Smith authenticated were admitted into evidence. The trial judge heard from the parties and Smith and decided that sanctions were not warranted. Thus, this issue is also without merit.
 

 ¶ 20. The trial court correctly ruled in favor of the County. The trial court was provided with substantial and credible evidence that the County provided substantial warnings to Martin that the bridge was out at the time of the accident.
 

 ¶ 21. THE JUDGMENT OF THE FRANKLIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Evidence from the record shows that the group left for their ATV ride shortly after midnight and that the accident happened around 3:00 a.m. The accident scene was only approximately a mile away; however, Martin testified that the group went directly to the bridge and made no stops along the way.
 

 [2]
 

 . In 2004 under Mississippi law, the legal blood-alcohol limit was .08.