# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01271-SCT

*CITY OF JACKSON, MISSISSIPPI*

*v.*

*LANIER LIPSEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/25/2001 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | HILTON RAY MILLER |
| | TERRY WALLACE |
| | J. ANTHONY WILLIAMS |
| ATTORNEYS FOR APPELLEE: | PIETER JOHN TEEUWISSEN |
| | DALE DANKS, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 01/09/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., CARLSON AND GRAVES, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     The City of Jackson appeals the ruling of the Circuit Court of the First Judicial District of Hinds County, which found the City and one of its police officers acted in reckless disregard in causing the automobile accident which occurred between the officer and Lanier Lipsey, thus waiving immunity under the Mississippi Torts Claim Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002). Finding the proper standard was applied in

determining the acts of the City and the police officer rose to the level of reckless disregard, this Court affirms the judgment of the circuit court.

¶2. Lanier Lipsey ("Lipsey") was injured on May 27, 1999, when his vehicle was struck by another vehicle operated by Jackson Police Department Officer Delma Gill Baker ("Baker"). Pursuant to Miss. Code Ann. § 11-46-1, Lipsey provided notice to the City of Jackson of his claim against Baker, individually[1] and in his official capacity, and the City of Jackson (collectively "the City"). The City of Jackson failed to accept liability and denied Lipsey's claim.

¶3. On August 16, 2000, Lipsey filed this action against the City and Officer Baker alleging the actions of Officer Baker constituted reckless disregard and were the proximate cause of the accident. Following a bench trial, the trial court issued its Memorandum Opinion Subsequent to Bench Trial finding that Officer Baker and the City acted with reckless disregard. The trial court entered a final judgment which incorporated the memorandum opinion, that judgment being in favor of Lipsey and against the City and Officer Baker, in his official capacity, in the amount of $32,057.09. The City timely filed this appeal.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶4. At approximately 1:30 a.m. on May 27, 1999, Lipsey was returning home from his second job with Service Master. Lipsey was traveling on McDowell Road in a westerly direction. At the same time, Officer Baker was responding to an emergency dispatch

---

[1]Because the parties agreed Baker was acting within the course and scope of his employment, the trial court dismissed the individual claim against Baker.

regarding an auto burglary in progress. At the time of the dispatch, Officer Baker was in his patrol car in a parking lot at the intersection of Woody Drive and Terry Road. Electing to respond to the dispatch although he was neither the primary nor secondary unit, Officer Baker proceeded east on McDowell Road.

¶5.     At the bench trial, Officer Baker and Lipsey were the only two witnesses called to testify regarding the accident. Each witness recounted a very different version of events from the night of May 27, 1999. Officer Baker testified that as soon as he pulled out in response to the dispatch, he turned on his blue lights and siren. Officer Baker learned the subjects were seen running through the Jackson Square shopping center. In an attempt to cutoff the subjects, Officer Baker made a left turn off of McDowell Road onto Kimbrough Drive. Officer Baker testified that even with his blue lights and siren engaged, Lipsey did not see Baker nor attempt to stop; therefore, the two vehicles collided. Officer Baker stated that the speed limit for eastbound traffic on his side of the road was 40 mph and that the speed limit for westbound traffic on Lipsey's side of the road was 30 mph. Officer Baker testified that he determined Lipsey to have been traveling between 40 and 45 mph, and he stated he was traveling between 45 and 50 mph.

¶6.     Officer Baker testified that after the accident, he radioed the police dispatcher to have both Sergeant Dorr and American Medical Response ("AMR") dispatched to the accident scene. While Sergeant Dorr was investigating the accident, Officer Baker stated he smelled the odor of an intoxicant in Lipsey's vehicle. Officer Baker then called Officer Richardson to the scene to administer a blood-alcohol test. Officer Richardson accompanied Lipsey to Central Mississippi Medical Center where Lipsey's blood was tested for alcohol

3

approximately one hour after the accident. Lipsey's blood alcohol level registered at 0.02. Officer Richardson testified Lipsey was never charged with a DUI because his blood alcohol limit was not over the legal limit of 0.10.[2] Officer Richardson agreed that 0.02 was an almost nominal level.

¶7.    Officer Baker admitted to being involved in six other accidents while being employed with the Jackson Police Department ("JPD"). Of those six accidents, Office Baker stated he had been charged with two of those accidents.

¶8.    Lipsey's testimony differed greatly from Officer Baker's testimony. Lipsey testified he was traveling in a westerly direction on McDowell Road in the far right lane. However, Lipsey testified Officer Baker was operating his vehicle without headlights, blue lights or a siren. Lipsey testified he had no warning and no time to react to avoid the collision because Officer Baker turned so suddenly in front of his vehicle. Lipsey also stated he knew the speed limit on McDowell Road to be 35 mph, and he was traveling approximately 35 or 40 mph at the time of impact.

¶9.    Lipsey testified he received head, neck and lower back injuries which caused him to miss two weeks of work. Lipsey denied having anything to drink the night of the accident, but did state his brother, who was a passenger in his car, had been drinking.

¶10.    As stated previously, the accident was investigated by Sergeant Dorr who concluded that Officer Baker failed to yield the right-of-way to Lipsey. Sergeant Dorr noted there was no improper driving by Lipsey.

---

[2] Miss. Code Ann. § 63-11-23 (2) was amended in 2002 to change the legal limit from 0.10 to 0.08.

¶11.    Although Lipsey's spouse testified, two other witnesses were called to testify, but the trial court determined their testimony provided "little or no benefit for the resolution of the issues in this case" and their testimony was therefore not addressed in the memorandum opinion.

¶12.    The trial judge, as the fact-finder, determined that Officer Baker was attempting to apprehend the suspects without drawing attention to his vehicle's approach by failing to turn on his headlights, blue lights or siren. The trial judge held this conduct was in reckless disregard to other citizens lawfully traveling on McDowell Road. The trial judge also concluded the City of Jackson was on notice due to Office Baker's poor driving record.

¶13.    The trial judge also determined Lipsey incurred $2,239.09 in medical expenses, $2,800.00 in property damage to his car and $2,018.00 in lost wages. The trial court also awarded Lipsey $25,000 in damages for past physical pain and suffering and mental anguish. Therefore, a judgment in the amount of $32,057.09 was entered against the City of Jackson and Officer Baker in his official capacity as an officer of the JPD.

## DISCUSSION

¶14.    This Court recognizes that the trial judge, sitting in a bench trial as the trier of fact, has the sole authority for determining the credibility of the witnesses. *Rice Researchers, Inc. v. Hiter*, 512 So.2d 1259, 1265 (Miss. 1987); *Hall v. State ex rel. Waller,* 247 Miss. 896, 903, 157 So.2d 781, 784 (1963). Where there is conflicting evidence, this Court must give great deference to the trial judge's findings. *McElhaney v. City of Horn Lake,* 501 So.2d 401, 403 (Miss. 1987). This Court reviews errors of law, including the proper

5

application of the Mississippi Tort Claims Act, de novo. *City of Jackson v. Perry*, 764 So.2d 373, 376 (Miss. 2000) (citing *Cooper v. Crabb*, 587 So.2d 236, 239 (Miss. 1991)).

**I.  WHETHER UNDER THE MISSISSIPPI TORT CLAIMS ACT, THE CITY OF JACKSON SHOULD BE GRANTED IMMUNITY WHEN IT RESPONDS TO AN EMERGENCY DISPATCH OF A CRIME IN PROGRESS.**

**II.  WHETHER THE TRIAL COURT ERRED IN FINDING "RECKLESS DISREGARD" WHEN OFFICER BAKER TESTIFIED HE HAD HIS LIGHTS AND SIREN ON AND WAS RESPONDING TO AN EMERGENCY DISPATCH.**

¶15.    The City argues the trial court erred in finding Officer Baker was acting in reckless disregard to the safety of others when he was responding to an emergency dispatch. The City also argues that the care used in Officer Baker's pursuit was reasonable and necessary, and that because Officer Baker did not act in reckless disregard, the MTCA exempts the City from all liability. Lipsey, however, argues the trial court was correct in its finding that Officer Baker's conduct amounted to reckless disregard to all citizens lawfully traveling on McDowell Road. Lipsey also argues the trial court was correct in concluding the City was on notice due to Officer Baker's poor driving record. Therefore, according to Lipsey, Officer Baker and the City waived any claim of governmental immunity under the MTCA.

¶16.    Miss. Code Ann. § 11-46-9 states in pertinent part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection *unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury*;

(emphasis added). This Court has defined reckless disregard:

6

While we agree that reckless disregard would encompass gross negligence, we hold that reckless disregard is a higher standard than gross negligence by which to judge the conduct of officers.

"Disregard" of the safety of others is at least negligence if not gross negligence. Because "reckless" precedes "disregard," the standard is elevated. As quoted above from *Black's Law Dictionary,* "reckless," according to the circumstances, "may mean desperately heedless, wanton or willful, *or* it may mean only careless, inattentive or negligence." *Id.* at 1270 (emphasis added). In the context of the statute, reckless must connote "wanton or willful," because immunity lies for negligence. And this Court has held that "wanton" and "reckless disregard" are just a step below specific intent. *See Evans v. Trader*, 614 So.2d 955, 958 (Miss. 1993).

*Turner v. City of Ruleville*, 735 So.2d 226, 229-30 (Miss. 1999). "Our case law indicates 'reckless disregard' embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Id.* at 230 (citing *Raney v. Jennings,* 248 Miss. 140, 147, 158 So.2d 715, 718 (1963)).

¶17.   Recently this Court has found several instances where a governmental entity has waived its immunity under the MTCA by acting in reckless disregard of the safety and well-being of citizens not engaged in criminal acts. *See City of Jackson v. Perry*, 764 So. 2d 373 (Miss. 2000); *Maye v. Pearl River County*, 758 So. 2d 391 (Miss. 1999); *Turner v. City of Ruleville*, 735 So. 2d 226 (Miss. 1999). In *Perry*, at the time of the accident, a City of Jackson police officer was speeding without using his siren or blue lights. 764 So. 2d at 375. At trial it was shown the officer was not responding to an emergency call, but was going to dinner. *Id.* This Court held the officer's conduct "showed a reckless disregard of the safety and well-being of others." *Id.* at 378.

¶18.   Similarly in *Maye*, a Pearl River County Deputy Sheriff backed his car up an incline to the entrance of a parking lot. 758 So. 2d at 392. He collided with another driver who had

7

pulled into the parking lot. *Id.* Although he checked his mirrors before backing up his car, the deputy sheriff testified he could not see the road from the parking lot because his view was obstructed. *Id.* We held the sheriff's deputy acted with a conscious indifference to the consequences of his actions, and those actions rose above "simple negligence to the level of reckless disregard of the safety and well-being of others." *Id.* at 395.

¶19.    Finally in *Turner*, (which involved a Miss.R.Civ.P. 12(b)(6) dismissal) the plaintiff's complaint alleged that an officer employed by the City of Ruleville Police Department pulled over a visibly intoxicated driver for operating his vehicle in an erratic manner. 735 So. 2d at 227. Even though the driver was incapable of driving his car, the officer allowed him to continue driving. *Id.*  The driver was later involved in a collision with Turner. *Id.* This Court held that the complaint stated a claim by alleging that the officer acted willfully and wantonly, which are synonymous with reckless disregard, in intentionally allowing a visibly intoxicated person to continue driving. *Id.* at 230.

¶20.    Lipsey argues that the facts here are similar to the facts of the three cases cited above. Officer Baker was responding to an attempted auto burglary although he was not the primary nor secondary unit. The trial judge found from disputed testimony that Officer Baker was responding to the emergency dispatch without headlights, blue lights, or his siren in the hopes of not drawing attention to his vehicle. Baker admitted to speeding prior to turning in front of Lipsey. The City also had knowledge of Baker's six prior accidents and he was "chargeable" for at least two of those accidents. As this Court found in *Perry*, *Maye*, and *Turner*, Lipsey argues there is overwhelming evidence to conclude the actions of Officer

8

Baker and the actions of the City rose to the level of reckless disregard to the safety and well-being of others.

¶21.    However, the City argues the facts of the instant case are distinguishable as were the facts in *Maldonado v. Kelly*, 768 So. 2d 906 (Miss. 2000). In *Maldonado*, a deputy sheriff was approaching a very dangerous intersection. *Id.* at 908. Before proceeding through the intersection, the deputy sheriff came to a complete stop, looked to his right, then to his left but saw no oncoming traffic. *Id.* However, the deputy sheriff's view was partially blocked on his right, and a collision occurred. *Id.* This Court distinguished the facts of *Maldonado* from *Perry*, *Maye*, and *Turner* and determined:

> The common denominator in these cases is that the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved. . . . There is no indication that Maldonado acted with deliberate disregard to the consequences of attempting to cross the intersection. To the contrary, there is every indication that Maldonado was aware of the nature of the intersection and took specific steps to avoid the collision.

*Id.* at 910-11. This Court held the deputy sheriff's actions did not rise to the level of reckless disregard. *Id.* at 911.

¶22.    The City contends that like the deputy sheriff in *Maldonado*, Officer Baker's actions did not rise to the level of reckless disregard. He was responding to an emergency dispatch, thus, he was acting in the usual course and scope of an officer's duty. The City argues it should be granted immunity under Mississippi law.

¶23.    The trial court found as a fact, from disputed testimony, that Officer Baker responded to the emergency dispatch without turning on his headlights, blue lights or siren in an attempt to cut off the suspected auto thieves, and in so finding, the trial court held Officer Baker's

9

conduct rose to the level of reckless disregard to the safety of others. The trial judge, sitting in a bench trial as the trier of fact, has the sole authority for determining the credibility of the witnesses. *See Rice Researchers, Inc. v. Hiter*, 512 So.2d at 1265; *Hall v. State ex rel. Waller*, 247 Miss. at 903, 157 So.2d at 784.

> The trial judge saw these witnesses testify. Not only did [s]he have the benefit of their words, [s]he alone among the judiciary observed their manner and demeanor. [S]he was there on the scene. [S]he smelled the smoke of battle. [S]he sensed the interpersonal dynamics between the lawyers and the witnesses and [her]self. These are indispensable. *Madden v. Rhodes*, 626 So.2d 608, 625 (Miss. 1993)(quoting *Culbreath v. Johnson*, 427 So.2d 705, 708 (Miss. 1983)).

*Rochell v. State*, 748 So.2d 103, 110 (Miss. 1999).

¶24. Finding that the trial court applied the proper standard in determining the acts of Officer Baker and the City of Jackson rose to the level of reckless disregard to the safety of others, this argument is without merit.

**III. WHETHER THE JUDGMENT OF THE TRIAL COURT WAS EXCESSIVE AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE WHEN LIPSEY IGNORED THE BLUE LIGHTS OF THE POLICE AND ONLY SUSTAINED $2,239.00 IN MEDICAL BILLS.**

¶25. The findings of a circuit court judge sitting without a jury "are safe on appeal where they are supported by substantial, credible, and reasonable evidence." *City of Jackson v. Perry*, 764 So.2d at 376 (citing *Puckett v. Stuckey*, 633 So.2d 978, 982 (Miss. 1993); *Sweet Home Water & Sewer Ass'n v. Lexington Estates, Ltd.*, 613 So.2d 864, 872 (Miss. 1993); *Allied Steel Corp. v. Cooper*, 607 So.2d 113, 119 (Miss. 1992)). In *Simpson v. City of Pickens*, 761 So. 2d 855 (Miss. 2000), this Court adopted the preponderance of evidence standard of proof to be applied in all Miss. Code Ann. § 11-46-9(1)(c) cases.

> We hold that a governmental agency and its employees acting within the course and scope of their employment or duties shall not be liable for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless it is proved by a preponderance of the evidence that the employee acted in reckless disregard of the safety and well-being of any person (claimant) not engaged in criminal activity at the time of injury.

*Id.* at 859. Because we have affirmed the trial court's holding that Officer Baker acted in reckless disregard to the safety of others by failing to use his headlights, blue lights or siren, we will only address this issue as it relates to the award of damages.

¶26.    The City argues the amount of damages awarded to Lipsey was excessive and was not supported by the evidence. Lipsey, however, argues the trial court correctly weighed all relevant evidence in determining the amount of damages which were to be awarded.

¶27.    Without objection from opposing counsel, the trial court admitted into evidence Lipsey's exhibit which showed his medical expenses totaled $2,239.00. Lipsey also testified he lost wages as a result of the accident from his two jobs in the amount of $2,018.00 and the damage to his car totaled $2,800.00. Lipsey also testified in great detail about the pain he suffered the two weeks after the accident. He was unable to work either job. He was barely able to move and relied on his family to assist him during that two-week period. He was required to take pain medication for the injuries to his lower back.

¶28.    The trial court determined Lipsey's *undisputed* damages, consisting of medical bills, lost wages and damage to his vehicle, amounted to $7,057.09. The trial court then determined Lipsey was entitled to $25,000 for past physical pain and suffering and mental anguish.

11

¶29. Considering the evidence the trial court evaluated in determining damages for Lipsey, the damages award is not "unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." *Harvey v. Wall*, 649 So.2d 184, 187 (Miss. 1995)(citing *Rodgers v. Pascagoula Pub. Sch. Dist.*, 611 So.2d 942, 945 (Miss. 1992)). Therefore, this argument is without merit.

## IV. WHETHER AN OFFICER'S DECISIONS WHILE DRIVING ARE DISCRETIONARY OR MINISTERIAL.

¶30. Relying on *Mosby v. Moore*, 716 So. 2d 551 (Miss. 1998), the City argues because Officer Baker was in the pursuit of criminals, his actions were discretionary and immunity should apply. However, the City completely ignores this Court's subsequent decision in *Jones v. Mississippi Department of Transportation*, 744 So. 2d 256, 260 (Miss. 1999), where we adopted the "public policy function test" which requires discretionary acts to be in furtherance of public policy in order to be granted immunity.

> In determining whether governmental conduct is discretionary the Court must answer two questions: (1) whether the activity involved an element of choice or judgment; and if so, (2) whether the choice or judgment in supervision involves social, economic or political policy alternatives. *Jones v. Miss. Dep't of Transp.*, 744 So.2d 256, 260 (Miss. 1999). Therefore, the *Jones* test requires a determination of (1) whether the supervision of security officers involves an element of choice or judgment; and if so (2) whether the choice or judgment involved social, economic, or political policy.

*Bridges v. Pearl River Valley Water Supply Dist.*, 793 So.2d 584, 588 (Miss. 2001).

¶31. According to the first prong regarding the element of choice or judgment, Officer Baker was required by law, pursuant to Miss. Code Ann. § 63-3-517 (Rev. 1996), to warn other drivers by using his siren when he responds to an emergency call. Section 63-3-517 states:

12

> The speed limitations set forth in this article shall not apply to authorized emergency vehicles when responding to emergency calls and the *drivers thereof sound audible signal by bell, siren*, or exhaust whistle. This section shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the street, *nor shall it protect the driver of any such vehicle from the consequence of a reckless disregard of the safety of others*.

(emphasis added). Therefore, there was no element of choice or judgment in how Officer Baker responded to the emergency dispatch.

¶32. With regard to the second prong of the test concerning policy alternatives, this Court determined in ***Bridges*** that immunity is only appropriate where the governmental entity can prove the act occurred within a "policy-oriented decision making process." 793 So. 2d at 589. Officer Baker was making no such policy-oriented decision. He was only responding to an emergency dispatch. Therefore, this argument is without merit.

13

## CONCLUSION

¶33.    The trial court did not err in finding Officer Baker and the City of Jackson acted with reckless disregard to the safety and well-being of others, and thus, waived immunity under the Mississippi Tort Claims Act. The damage award was supported by substantial evidence and is, therefore, not excessive. The judgment of the trial court is affirmed.

¶34.    **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., COBB, DIAZ, EASLEY AND GRAVES, JJ., CONCUR.  WALLER, J., NOT PARTICIPATING.**