976 So.2d 951 (2008)
Samuel Heath IVY, Appellant
v.
CITY OF LOUISVILLE, Appellee.
No. 2007-KM-00077-COA.
Court of Appeals of Mississippi.
March 11, 2008.
Stephanie L. Mallette, attorney for appellant.
Taylor Tucker, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Samuel Ivy was convicted in the City of Louisville Municipal Court of driving under the influence of intoxicating liquor. Ivy appealed his conviction to the Circuit Court of Winston County. After a bench trial, the circuit court found Ivy guilty of driving under the influence of intoxicating liquor. On appeal, Ivy argues that the circuit court should have granted a new trial in his case because the verdict was against the overwhelming weight of the evidence. We find no error and affirm.

*952 FACTS
¶ 2. On April 29, 2006, Officer Jimmy Lovern of the City of Louisville Police Department was answering a call from a stranded motorist. After Officer Lovern had picked up the stranded motorist, a car, traveling in the opposite direction, passed Officer Lovern moving well in excess of the posted speed limit. Officer Lovern turned his patrol car around and followed the speeding car. Officer Lovern testified that the driver weaved the car between the lanes of traffic.
¶ 3. Officer Lovern testified that after he pulled the car over, he smelled alcohol when he approached the driver's side window. Officer Lovern stated that the driver of the car, Ivy, had trouble finding his driver's license, and he also exhibited slurred speech. Ivy admitted to Officer Lovern that he had been drinking that evening.
¶ 4. Shortly after Officer Lovern pulled Ivy over, Officer Keith Alexander arrived to assist. Officer Alexander testified that he too smelled alcohol when he approached the vehicle. Officer Alexander also testified that Ivy exhibited slurred speech, diminished motor skills, and dilated pupils. Neither Officer Lovern nor Officer Alexander gave Ivy a field sobriety test because they were not certified to administer such tests. Officer Alexander asked Ivy to blow into a portable breath analysis machine ("Breathalyzer"). Ivy complied. Officer Alexander testified that the Breathalyzer showed that Ivy was well above the legal limit. Officer Alexander told Ivy that he was under arrest and ordered him to get out of the car. Both Officer Lovern and Officer Alexander testified that Ivy stumbled getting out of the car, and Officer Alexander had to carry Ivy to the patrol car.
¶ 5. Officer Lovern took Ivy to the Winston County Correctional Facility where he informed Ivy that he had the right to refuse to breathe into the intoxilyzer. However, Officer Lovern also told Ivy that the intoxilyzer was broken. Therefore, Officer Lovern did not charge Ivy with refusal to take an intoxilyzer test. Ivy complains that Officer Lovern also did not then tell him that he had the right to have a blood test.
¶ 6. Ivy was the only witness to testify for the defense. He testified that before Officer Lovern pulled him over, he and a friend had been to the Pearl River Resort in Choctaw, Mississippi. He testified that he had four beers, from 8:00 p.m. to 12:00 a.m., and that he ate breakfast and drank water before he drove home around 1:00 a.m. Ivy testified that he was not intoxicated while he was driving to Starkville. Ivy also testified that he did not slur his speech when he answered the officers' questions, and he did not stumble when Officer Alexander pulled him from the car to handcuff him. Ivy maintained that he was sober when the officers arrested him.

STANDARD OF REVIEW
¶ 7. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). The evidence is weighed in the light most favorable to the verdict. Id. The power to grant a new trial should be invoked only in exceptional cases where the evidence preponderates heavily against the verdict. Id. If the verdict is against the overwhelming weight of the evidence, the proper remedy is to grant a new trial. Id.

ANALYSIS
¶ 8. Ivy was charged with driving under the influence of intoxicating liquor. *953 Mississippi Code Annotated section 68-11-30(1) (Rev.2004) states in pertinent part:
It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has an alcohol concentration of eight one-hundredths percent (.08 %) or more for persons who are above the legal age to purchase alcoholic beverages under state law. . . .
¶ 9. Both officers testified that Ivy appeared to have been driving while intoxicated on the night in question. In fact, Ivy testified that he had been drinking that night. However, Ivy testified that he was sober when he drove from Choctaw through Louisville that night.
¶ 10. Ivy argues that the "direct conflict between his testimony and the officers' testimony [means] the evidence was not sufficient to prove that [he] was impaired within the meaning of state law especially given the acute absence of any objective measure of his blood alcohol concentration." Ivy's argument is flawed. Section 63-11-30(1) distinguishes between driving under the influence and driving with "an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age. . . ." Miss.Code Ann. § 63-11-30(1)(c) (Rev. 2004). Thus, a defendant can be charged and convicted for driving under the influence by the testimony of a witness, who observed the defendant exhibiting signs of intoxication, or by the results of an intoxilyzer test.
¶ 11. The circuit judge, sitting as the finder of fact, had the testimony of two police officers that Ivy appeared intoxicated because he had diminished motor skills, slurred speech, dilated eyes, and his car smelled of alcohol. Officer Lovern also testified that Ivy was speeding and driving erratically before he pulled Ivy over. The circuit judge also had Ivy's testimony that he was sober. The circuit judge was, therefore, presented with conflicting testimony.
¶ 12. Bearing in mind our standard of review, we must weigh the evidence in the light most favorable to the verdict. Thus, we find that the circuit court's determination was not against the overwhelming weight of the evidence, and we find no error.
¶ 13. Although not listed as a separate issue, Ivy also argues that the officers should have informed him that he had the right to obtain his own blood test in support of his defense under Mississippi Code Annotated section 63-11-13 (Rev. 2004). This, however, is not the law in Mississippi. See Green v. State, 710 So.2d 862, 868-69(¶ 21) (Miss.1998) (law enforcement officers do not have to inform defendants of their right to have an independent blood test under section 63-11-13). Therefore, we also find no merit with this issue.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF DUI-FIRST OFFENSE AND FINES OF $471.30 AND ASSESSMENT OF $230 ARE AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.