GRAVES, Presiding Justice,
concurring in part and dissenting in part.
¶ 39. Because the damages awards for future surgery and disability are supported by the evidence, I dissent in part. As stated by the majority, this Court applies the substantial evidence standard when reviewing the findings of a judge sitting as the factfinder. Donaldson v. Covington County, 846 So.2d 219, 222 (Miss.2003). That is, this Court will affirm the findings of the trial judge if they are supported by substantial, credible, and reasonable evidence. Delta Reg’l Med. Ctr. v. Venton, 964 So.2d 500, 503 (Miss.2007); Donaldson, 846 So.2d at 222. When reviewing awards for damages, this Court will affirm the award, unless it is “so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption.” Delta Reg’l Med. Ctr., 964 So.2d at 506 (citing United, States Fid. & Guar. Co. v. Estate of Francis, 825 So.2d 38, 47 (Miss.2002)). This Court has held that “[t]he award is not to be set aside unless it is entirely disproportionate to the injury sustained.” Delta Reg’l Med. Ctr., 964 So.2d at 506 (citations omitted). Additionally, “the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess.” United States Fid. & Guar. Co., 825 So.2d at 47.
¶ 40. As a result of the accident that occurred on October 21, 2003, Spann suffered serious injuries, including a tear to the meniscus in her left knee. Based on the expert testimony presented, the trial judge concluded that it would cost approximately $20,000 to surgically repair the tear in Spann’s meniscus and that Spann had suffered a five-percent loss of function in her left knee and her entire body. Accordingly, the trial judge awarded Spann $20,000 for future surgei’y and $150,000 for her disability.

Award for Future Surgery

¶ 41. There is substantial evidence to support the trial judge’s finding that Spann had a tear in her left meniscus and that the surgery to repair it would cost approximately $20,000. Dr. Goel testified that Spann complained of pain in her left knee. He ordered an MRI, which revealed a tear in the medial meniscus in her left knee. Dr. Crenshaw testified that Spann presented with a limp because of an injury to her left knee. Dr. Goel also testified that Spann continued to suffer from knee pain during the period in which he treated her and that the meniscus tear needed to be surgically repaired by an orthopedic surgeon. He added that Spann had not been able to afford an appointment with an orthopedic surgeon. Dr. Goel estimated that the surgery to repair the meniscus would cost approximately $20,000. This estimate was based on Dr. Goel’s past experience as a surgeon.[23]
¶ 42. The majority concludes that Dr. Goel’s “mere ‘guess’ ” does not constitute substantial, credible evidence in support of the trial court’s finding that the surgery would cost approximately $20,000. Maj. Op. at ¶ 34. The majority finds that Dr. Goel’s testimony on this point did not evince the requisite level of certainty. Maj. Op. at ¶ 34. However, Dr. Goel testified that his opinion was held to a reasonable degree of medical certainty. Also, his *1041 estimate for the cost of the meniscus surgery was unrebutted. The City of Jackson did not present any evidence that such a surgical procedure would cost less than $20,000. Although Dr. Goel may not have practiced surgery for eight or nine years, that is not necessarily an indication that he is any less aware of the cost of a meniscus surgery. Furthermore, assuming arguen-do that Dr. Goel’s estimate for the surgery is outdated, the cost has most likely increased in the past eight or nine years, further justifying the trial court’s award for future medical expenses. Dr. Goel’s testimony constitutes substantial, credible evidence in support of the $20,000 award for future surgery. Accordingly, this award should be upheld.

Award for- Disability

¶ 43. There is also substantial evidence to support the trial judge’s finding that, as a result of the accident, Spann is now disabled. Dr. Goel testified that Spann had a disability rating of “5 percent partial permanent loss of function” to her left knee and her body as a whole. He stated that, in his medical opinion, she was unable to work because of her knee injury, and he agreed that she was “temporarily totally disabled.” The majority states that there is no evidence in the record demonstrating that Dr. Goel performed a comprehensive evaluation of Spann to support his conclusion that she suffered a five-percent loss of function. Maj. Op. at ¶ 35. It is worth noting that Dr. Goel treated Spann over the course of nine months, during which period, Spann visited him seven times. In comparison, Dr. Wilkerson, a medical expert for the City, only met Spann once when he interviewed her for approximately thirty minutes. The City’s other medical expert, Dr. Williams, saw Spann four times over the course of three months.
¶44. The record contains Dr. Goel’s notations following each of Spann’s visits. The notes indicate that Dr. Goel concluded that Spann had suffered a five-percent loss of function on her fifth visit. The notes also indicate that, over the course of the first five visits, Dr. Goel performed a physical examination; tested the range of motion of different body parts; monitored her pain levels; ordered and reviewed MRIs of her neck, head, spine, and left knee; prescribed medication; and counseled her about physical therapy and surgery for her knee. The note detailing Spann’s fifth visit with him states, in relevant part:
[Patient] at this point needs surgical intervention of [sic] the left knee, for her cartilage.... [Patient], if she does not have surgery, she obtained maximum medical improvement, and has possible loss of function in the entire body especially in areas of the left knee. The [patient] has mild restriction of range of motion of the left knee and keeps a[sic] chronic pain. [Patient] is not able to put full weight on the left knee. Therefore, she is [sic] 5% loss of function as the result of the left knee.... There is possible 5% loss of function of the entire body as a result of the left knee.
¶ 45. The documentation of Dr. Goel’s treatment of Spann over the course of nine months demonstrates his basis of knowledge for credibly finding that she suffered a five-percent loss of function as a result of the accident.
¶ 46. The majority also quotes Dr. Goel’s statement that Spann needed to be evaluated by other specialists before concluding that she could not return to work. Maj. Op. at ¶ 35. This concession does not detract from the fact that Dr. Goel assigned Spann a five-percent disability rating, since such a disability rating might not prohibit a person from returning to work. Furthermore, the testimony of Dr. Williams and Dr. Wilkerson stating that Spann could return to work full-time is not necessarily inconsistent with a five-percent disability rating either. To the extent that *1042 there were inconsistencies between the expert testimony presented by the City and Spann concerning her impairments, this Court has held that “[w]here there is conflicting evidence, this Court must give great deference to the trial judge’s findings.” Thompson ex rel. Thompson v. Lee County Sch. Dist., 925 So.2d 57, 62 (Miss.2006) (citing City of Jackson v. Lipsey, 834 So.2d 687, 691 (Miss.2003)).
¶ 47. In this ease, the trial court heard the expert testimony from both sides and found Dr. Goel’s testimony more persuasive than that of the City’s medical experts. Dr. Goel testified to a reasonable degree of medical certainty that Spann suffered a five-percent loss of function to her entire body and was, therefore, disabled. His testimony constitutes substantial, credible evidence in support of the trial court’s finding that Spann was disabled. In turn, this finding of fact supports an award of damages for disability. The award of $150,000 for Spann’s disability is not so excessive, extravagant, or outrageous that this Court should reverse the award. Therefore, it should be affirmed.
¶ 48. The trial judge properly relied on the unrebutted testimony of Dr. Goel to find that it would cost $20,000 for Spann to have her torn meniscus surgically repaired. The trial judge also properly relied on Dr. Goel’s testimony to find that Spann suffered a five-percent loss of function. The award of $150,000 for Spann’s disability is not excessive beyond all measure or flagrantly outrageous and extravagant. Therefore, the trial judge’s order granting Spann a total award of $260,595.52 should be affirmed.
DICKINSON, KITCHENS AND PIERCE, JJ., JOIN THIS OPINION.

. Dr. Goel testified that he could no longer perform surgeries because of an injury to his hand, but he remains board-certified in surgery.