## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KM-01348-COA

KELVIN EDWARDS                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                               APPELLEE

DATE OF JUDGMENT:            11/05/2021
TRIAL JUDGE:                 HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:   DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      B. BRENNAN HORAN
ATTORNEY FOR APPELLEE:       RUSSELL BARTON JORDAN
NATURE OF THE CASE:          CRIMINAL - MISDEMEANOR
DISPOSITION:                 AFFIRMED - 02/07/2023
MOTION FOR REHEARING FILED:

### BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     Kelvin Edwards was found guilty of first-offense driving under the influence (DUI) and driving without headlights in the Horn Lake Municipal Court on October 16, 2018. Edwards appealed only the DUI charge to the County Court of DeSoto County. Edwards was again found guilty of first-offense DUI following a bench trial. Edwards then appealed to the DeSoto County Circuit Court, which affirmed the conviction. Edwards now appeals claiming that the State failed to prove the requisite probable cause for the traffic stop and that law enforcement officers were required to inform him of his right to alternative testing of his blood-alcohol content (BAC) under Mississippi Code Annotated section 63-11-13 (Supp. 2015). Finding no error, we affirm the circuit court's judgment.

### FACTS AND PROCEDURAL HISTORY

¶2. On April 18, 2018, Officer Joshua Parrot with the Horn Lake Police Department initiated a traffic stop on Kelvin Edwards. He was cited for operating a motor vehicle with a BAC of .08 percent or more in violation of Mississippi Code Annotated section 63-11-30(1)(d)(i) (Supp. 2017). Edwards was also cited for driving without headlights in violation of Mississippi Code Annotated Section 63-7-11 (Rev. 2013) and for having an open container of alcohol in violation of Horn Lake City Ordinance 05-09-151. On October 16, 2018, Edwards appeared in the Horn Lake Municipal Court and, following a trial, was found guilty of all these charges.

¶3. Edwards appealed only the DUI conviction to the County Court of DeSoto County. A de novo trial was held on January 11, 2021. The State called Officer Parrot, who was employed at the time of the traffic stop with the Horn Lake Police Department. Parrot testified that on April 18, 2018, "[I was] driving down Nail Road. I saw a white vehicle pull out of Donnie's Deli with no lights on. I turned around and initiated a traffic stop." Parrot testified it was around eleven o'clock at night and "very dark" outside. When asked how far the car traveled before its headlights were on Parrot responded, "[A]pproximately 500 yards." Parrot stated he was driving in the opposite direction of the white car and had to turn around to safely initiate a traffic stop. The "violation location" listed on the DUI ticket was on Nail Road near Somerset Road. Parrot testified Edwards, the driver, had slurred speech and glassy eyes. Parrot testified he called to the scene Officer Brandon McCary, who was the DUI officer for the Horn Lake Police Department.

¶4. Officer McCary was the State's next witness. McCary testified, "[I] made contact with

[Edwards,] and I noticed that he had extremely glassy, bloodshot eyes. I asked him how much he had to drink tonight. He said two beers two hours ago." Further, McCary testified he "observed an open corona bottle wedged between the passenger's seat and center console half empty." McCary testified he then asked Edwards to step out of the vehicle so he could administer standardized field sobriety tests. McCary administered the field sobriety tests. McCary stated, "[B]ased on the totality of the circumstances, I decided that Mr. Edwards was under the influence and unable to operate a motor vehicle safely and placed him into custody for DUI." McCary stated Edwards was then transported to the station where Edwards provided two breath samples to an Intoxilyzer 8000 machine. McCary stated the "overall reading was a .20."

¶5. Edwards testified at his county court trial. Edwards admitted to drinking the beer found in the car with him and stated that he "had had a couple beers" over "about a hour and a half, two hours." Edwards stated that on the night in question, "[I] got my cigarettes, got back in my car, and pulled out on Nail Road. Then I pulled out from up under the lights that was shining at that gas station, and when I pulled out on the road, I hit my lights and turned my light switch on and headed down Somer . . . no, Nail Road to Somerset." Edwards continued, "[W]hen I pulled up there before I pulled on the street, I couldn't tell my lights were on because I had just left out from up under the gas pump. And I was in that little Versa car. Normally, I drive my GMC truck and which normally when I turn the switch on, my lights automatically comes up." Edwards stated that when he turned his lights on he was "still in the parking lot pulling onto the road."

3

¶6.     The defense then re-called Officer Parrot as an adverse witness. The defense focused on the location of the stop. The defense asked, "[B]ut you're saying McCary pulled him over at a different spot than you pulled him over?. . . [F]irst of all did you pull the officer [sic] over, or did McCary pull him over?" Parrot responded, "I did." Parrot testified that Edwards was pulled over at "Nail and Somerset." On cross-examination, Parrot clarified that when he initiated the traffic stop, he was "on Nail Road approaching Somerset," and then "the vehicle made a right turn onto Somerset, which puts you near the intersection of Somerset and Laurel."

¶7.     In closing, the defense argued Parrot lacked probable cause to pull Edwards over. Further, the defense argued Parrot's testimony had been inconsistent. The State argued there was sufficient evidence to find that Edwards was guilty of first-offense DUI.

¶8.     The county court found Edwards guilty. The court found beyond a reasonable doubt that Edwards "did operate his motor vehicle on the roadway without headlights, and therefore, the officer was within his rights to make the stop."

¶9.     Edwards appealed that decision to the DeSoto County Circuit Court, arguing two issues. Edwards claimed that the State failed to prove probable cause to support the traffic stop. Edwards also argued law enforcement officers failed to disclose to him that he had a right to an alternative BAC test under Mississippi Code Annotated section 63-11-13.

¶10.    On November 5, 2021, the circuit court affirmed the county court's DUI conviction. The circuit court explained its reasoning:

> [T]his Court notes that a trial judge, sitting without a jury, is the ultimate finder of fact and the sole judge of a testifying witness's credibility. *Van*

4

*Norman v. State*, 114 So. 3d 799, 802 (Miss. Ct. App. 2013) (citing *City of Jackson v. Lipsey,* 834 So. 2d 687, 691 (Miss. 2003)). And this Court cannot reverse such determinations where they are supported by substantial evidence. *Id.* (citing *Yarborough v. State*, 514 So. 2d 1215, 1220 (Miss. 1987)) . . . . As to the issue of probable cause, the United States Supreme Court has held that "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769 (1996). "Well-settled Mississippi law provides that 'when a police officer personally observes a driver commit what he reasonably believes is a traffic violation, he then has probable cause to stop the vehicle.'" *Casey v. State*, 302 So. 3d 617, 625 (Miss. 2020) (quoting *Martin v. State*, 240 So. 3d 1047, 1052 (Miss. 2017)).

¶11. The circuit court found that Officer Parrott had testified he observed Edwards pull out of Donnie's Deli and travel west for approximately 500 yards down Nail Road without his headlights on. The court stated that "[b]ecause Edwards's operation of a motor vehicle at eleven o'clock at night without headlights on constituted a violation of Miss. Code Ann. Section 63-7-11, this court finds that Officer Parrot had the necessary probable cause to initiate a traffic stop of Edwards's vehicle."

¶12. As to the argument that a defendant should be made aware of the statutory right to have an additional blood-alcohol test performed, the circuit court explained that "in *Green v. State*, 710 So. 2d 862 (Miss. 1998), the Mississippi Supreme Court addressed and rejected the same argument." Likewise, in *Ivy v. City of Louisville*, 976 So. 2d 951, 953 (¶13) (Miss. Ct. App. 2008), the Mississippi Court of Appeals repudiated the argument that Edwards presents. The circuit court found that Edwards's arguments lacked merit. Edwards now appeals and presents the same arguments.

**STANDARD OF REVIEW**

¶13. "In a bench trial the trial judge sits as the trier of fact and is accorded the same

deference in regard to his findings as that of a chancellor, and the reviewing court must consider the entire record and is obligated to affirm where there is substantial evidence in the record to support the trial court's findings." *Barnett ex rel. Gordon v. Lauderdale Cnty. Bd. of Sup'rs*, 880 So. 2d 1085, 1088 (¶7) (Miss. Ct. App. 2004) (quoting *City of Newton v. Lofton*, 840 So. 2d 833, 835-36 (¶¶6-7) (Miss. Ct. App. 2003)). "The findings of the trial judge will not be disturbed unless the judge abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Id.* "[T]he trial judge, sitting in a bench trial as the trier of fact, has sole authority for determining credibility of the witnesses." *Ulmer v. State*, 292 So. 3d 611, 613 (¶7) (Miss. Ct. App. 2020) (quoting *Mullins v. Ratcliff*, 515 So. 2d 1183, 1189 (Miss. 1987)).

## ANALYSIS

I. **Whether the State failed to prove the requisite probable cause for the traffic stop.**

¶14. On appeal, Edwards argues, "Officer Parrot's testimony is so discredited by the State's own other witness, Officer McCary and exhibits as to have made it impossible for the Judge to find beyond a reasonable doubt that Mr. Edwards had his lights off when he entered Nail Rd." Edwards claims Parrot's testimony was inconsistent regarding where the alleged traffic violation and traffic stop took place: "[h]e somehow is 100 yards from Nail Rd., and Tulane Rd. Goes to that intersection, makes a U-turn, then pulls Mr. Edwards over 500 yards from that intersection." Further, Edwards argues Parrot "change[d] his testimony" from stating that Edwards turned his lights on after Parrot initiated the stop but later said he "put on his blue lights at approximately 300 yards from the intersection." Edwards further argues that Parrot

6

wrote on the ticket that the stop was made on Somerset Road, not Nail Road, and "more damaging is the fact that Officer McCary listed his location for the DUI ticket at Laurel and Somerset."

¶15.   In response, the State argues:

> Contrary to Appellant's assertions, Officer Parrott's testimony was clear and unambiguous he was traveling east on Nail Road when he passed Mr. Edwards' vehicle with no headlights activated. . . . After turning around and initiating his blue lights, Mr. Edwards' vehicle had traveled approximately 300 yards. . . . According to the Appellant himself, he did not come to a stop until after he had turned off Nail Road and onto Somerset. . . . Consequently, Officer Parrott listed the violation as occurring on Nail Road near Somerset. . . . There is simply no merit to the Appellant's argument that Officer Parrott stopped Mr. Edwards on Nail Road but failed to properly notate the citation.

¶16.   Mississippi Code Annotated section 63-7-11 requires that "[e]very vehicle upon a highway within this state during the period from sunset to sunrise . . . shall be equipped with lighted front and rear lamps . . . ." It is well settled that "when a police officer personally observes a driver commit what he reasonably believes is a traffic violation, he then has probable cause to stop the vehicle." *Martin v. State*, 240 So. 3d 1047, 1052 (¶25) (Miss. 2017). The Mississippi Supreme Court has held, "The danger posed to the public by a person's driving a vehicle after dark without headlights illuminated, clearly a law violation, necessitates pursuit by police." *City of Jackson v. Lewis*, 153 So. 3d 689, 696 n.6 (Miss. 2014).

¶17.   Edwards's concern that the "location of the violation" listed on the ticket was different from the final stop location is unfounded. There are no inconsistencies in either officer's testimony or in the record. Officer Parrot was clear in his testimony that on the date in

7

question he observed Edwards pull out of Donnie's Deli and drive approximately 500 yards on Nail Road without headlights on. Parrot's ticket stated the "location of the violation" was on Nail Road near Somerset Road. Parrot then turned around and made the traffic stop, at which point Edwards had turned onto Somerset Road near Laurel Road. Officer McCary testified he responded to the traffic stop on Somerset Road near Laurel Road.

¶18. Officer Parrot testified that he observed Edwards drive on Nail Road without headlights. This is sufficient under Mississippi law to constitute probable cause for a traffic stop. The trial judge, sitting as the trier of fact, is the sole judge of the credibility of the witness. *Ulmer*, 292 So. 3d at 613 (¶7). The trial judge found Officer Parrot's testimony to be credible and sufficient to show that probable cause existed for the traffic stop. The trial judge's finding was supported by sufficient evidence. This Court affirms the conviction.

## II. Whether the defendant should have been advised of his right to alternative BAC testing.

¶19. On appeal, Edwards argues that law enforcement was required to inform him of his right pursuant to Miss. Code Ann. 63-11-13.[1] Edwards argues that "[i]f 63-11-13 is to have any value or influence then it should also be presented to each accused, the statute in essence requires the accused with being knowledgeable of his election to additional and possible exculpatory evidence." Edwards continues, "There exists exigent circumstances due to the

---

[1] The State contends this argument is procedurally barred under *Davis v. State*, 758 So. 2d 463, 466 (¶9) (Miss. 2000), because Edwards failed to raise it before the county court. Under *Williams v. Carriere*, 324 So. 3d 354, 360 (¶16) (Miss. Ct. App. 2021), *cert. dismissed*, 328 So. 3d 1253 (Miss. 2021), arguments presented for the first time on appeal to the circuit court are procedurally barred. Notwithstanding the procedural bar, this Court will address the issue.

limited amount of time for one to obtain physical information regarding blood alcohol content as such evidenced by its nature will reach a point of rapid dissipation. *Holloman v. State*, 820 So. 2d 51, 55 (Miss. App. 2002) [sic]."

¶20. Section 63-11-13 provides the following:

> The person tested may, at his own expense, have a physician, registered nurse, clinical laboratory technologist or clinical laboratory technician or any other qualified person of his choosing administer a test, approved by the Mississippi Forensics Laboratory created pursuant to Section 45-1-17, in addition to any other test, for the purpose of determining the amount of alcohol in his blood at the time alleged as shown by chemical analysis of his blood, breath or urine. The failure or inability to obtain an additional test by such arrested person shall not preclude the admissibility in evidence of the test taken at the direction of a law enforcement officer.

¶21. Edwards's argument has been addressed and rejected. In *Scarborough v. Kellum*, 525 F.2d 931, 933 (5th Cir. 1976), the court affirmed that in Mississippi, an officer is not required to advise the Defendant of his right to finance an additional test. In *Green v. State*, 710 So. 2d 862, 869 (¶22) (Miss. 1998), the Mississippi Supreme Court held that "section 63-11-13 does not impose an affirmative duty on law enforcement to give notification of the right to an independent test, and Green is presumed to know his rights under the law. . . ."

¶22. Further, in *Ivy*, 976 So. 2d at 953 (¶13), this Court rejected the same argument Edwards makes here, holding that law enforcement officers do not have to inform defendants of their right to have an independent BAC test under section 63-11-13. *Id.*

¶23. It is settled law in Mississippi that 63-11-13 does not place the obligation on officers to inform the accused of the right to an independent and alternative test. All persons are presumed to know the law. *McNeely v. State*, 277 So. 2d 435, 437 (Miss. 1973). As *Green*

9

*v. State*, 710 So. 2d 862, 869 (Miss. 1998), explained, "the affirmative duty to inform the defendant of certain rights is expressly stated in other subsections of Mississippi's Implied Consent Law. Therefore, it follows that had the Legislature intended notification of the right to independent testing be given, it would have been expressly stated in § 63-11-13." In *Ivy*, 976 So. 2d at 953 (¶13), this Court held that there is no affirmative duty to inform the accused of their right to have an independent BAC test under section 63-11-13. Even if Edwards had cited some compelling argument for overruling existing precedent, that would be a task for our supreme court. *Bosarge v. State*, 786 So. 2d 426, 431 (¶11) (Miss. Ct. App. 2001). The Mississippi Court of Appeals is duty-bound to apply existing precedent, and the precedent is clear in this case.

## CONCLUSION

¶24.    After a review of the record, we find that the circuit court did not abuse its discretion in finding that Office Parrot had probable cause to initiate the traffic stop. Further, this Court follows precedent and declines to place an obligation on officers to inform the accused of their right to an independent BAC test under Mississippi Code Annotated section 63-11-13. Accordingly, we affirm Edwards's conviction of first-offense DUI.

¶25.    **AFFIRMED.**

   **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**